UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL W. SCARDINA**                         **CIVIL ACTION**

**VERSUS**                                      **NO. 17-6144**

**SOCIAL SECURITY ADMINISTRATION**              **SECTION "I" (3)**

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael W. Scardina filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment, and plaintiff has also filed an opposition to defendant's motion for summary judgment. [Doc. #15]. The issues are thus ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

**I.    BACKGROUND**

Plaintiff filed an application for SSI on August 19, 2014, alleging a disability onset date of July 8, 2010. (Adm. Rec. at 139-45, 151). Plaintiff alleged disability due to anxiety, panic disorder, heart problems, high blood pressure, liver disease, hepatitis A-C, panic disorder with agoraphobia, major depressive disorder, post-traumatic stress disorder, irritable bowel syndrome, intestinal polyps, a bulging disk in his neck, and nerve damage in his left hand and arm. (*Id.* at 154). Plaintiff, born on September 11, 1975, was 35 years old on the date on which he alleged disability and 40 years old at the time of the final administrative decision. (*Id.* at 186). Plaintiff has a GED and some college education. (*Id.* at 155). Plaintiff has past work experience as an automobile mechanic. (*Id.*).

Defendant initially denied plaintiff's applications on February 27, 2013. (*Id.* at 86-89). Plaintiff sought an administrative hearing, which defendant held on May 5, 2016. (*Id.* at 40-65). Plaintiff and a vocational expert ("VE"), Ms. Salenger, testified at the hearing.

On June 15, 2016, the ALJ issued a decision in which he found that plaintiff had not been disabled since August 19, 2014, the date on which plaintiff filed his application. (*Id.* at 20-36). In the decision, the ALJ concluded that plaintiff has the severe impairments of cervical spine degenerative disc disease and affective and anxiety disorders. (*Id.* at 22). The ALJ held that plaintiff does not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.*). The ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform sedentary work activity as defined in 20 C.F.R. § 404.1567(a) except that he is limited to only occasional postural activities and can not engage in overhead work or reaching. (*Id.* at 24). He also determined that plaintiff is limited to single routine repetitive tasks, can have no close coordination with co-workers or supervisors, and can have no public interaction. (*Id.*). The ALJ concluded that plaintiff can not perform his past relevant work. (*Id.* at 35). He concluded, however, that plaintiff can perform the jobs of hand packager, general clerk, and a surveillance system monitor, which jobs exist in significant numbers in the national economy. (*Id.* at 35-36). The ALJ thus denied plaintiff SSI. (*Id.* at 36).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he is not disabled. (*Id.* at 10-11). On May 4, 2017, the Appeals Council denied plaintiff's request. (*Id.* at 2-6). Plaintiff then timely filed this civil action.

## II.  STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there

is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached

and whether substantial evidence exists to support it.   *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.   ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but can not, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.   42 U.S.C. § 1382(a)(3)(B).   The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.   20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).   The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.   *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To

4

> determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make her disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

## IV.    ISSUES ON APPEAL

There is one issue on appeal:

(1)    Whether substantial evidence supports the ALJ's disability determination.

## V. ANALYSIS

### 1. Whether substantial evidence supports the ALJ's disability determination.

It must first be noted that defendant does not seriously dispute plaintiff's material statement of facts, which comprises the majority of his memorandum in support of summary judgment and his opposition. His pleadings are largely a list of his ailments and statements that he has never been able to hold down a job and has gone to prison "for stupid things." [Doc. #12 at p. 2]. He raises no specific challenge to the ALJ's ruling, except to assert that the ALJ had substantial evidence before him to find plaintiff disabled. Accordingly, defendant has simply put forth all of the reasons why it believes the ALJ's opinion should be upheld. This Court will do the same.

The ALJ concluded that plaintiff's alleged impairments of heart problems, hypertension, liver disease, hepatitis, and intestinal polyps were not severe because the record contained little to no treatment of the alleged impairments and reported no clinical evidence of functional limitations attributable to these impairments. (Adm. Rec. at 22). It is well-established that a claimant must establish the existence of a medically-determinable impairment with objective medical evidence from an acceptable medical source. Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304 at *3 (Oct. 25, 2017). While plaintiff sought treatment for chest pain and hypertension during the time period at issue, his blood pressure was not significantly or consistently elevated, and no physician reported any functional limitations resulting from plaintiff's occasional instances of slightly elevated blood pressure. For example, according to the record, plaintiff's blood pressure was 131/84 on November 20, 2014, 110/70 on December 11, 2014, 133/90 on December 18, 2014, 137/84 on September 21, 2015, and 120/78 on January 8, 2016. (Adm. Rec. at 526, 579, 584, 598, 752). And, as the ALJ noted, the record contains no records for treatment of hepatitis, liver

disease, or polyps. (*Id.* at 22). An ALJ may rely on a claimant's lack of treatment as an indication of non-disability or the non-existence of an alleged disability. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). Accordingly, plaintiff has not met his burden of showing that his alleged heart problems, hypertension, liver disease, hepatitis, and intestinal polyps were medically-determinable impairments. *See* SSR 16-3p at *3. The ALJ thus properly found these conditions not severe. An impairment is not severe if it is a slight abnormality with such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work. *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

Moreover, the Court finds that the administrative transcript's record of plaintiff's medical treatment and daily activities supports the ALJ's determination that plaintiff retains the RFC to perform a modified range of sedentary work. (Adm. Rec. at 24-36). The Fifth Circuit has instructed this Court that the ALJ has the sole responsibility for evaluating a claimant's RFC based on the record as a whole. *Villa*, 895 F.2d at 1023-24. These findings are outlined below.

On December 11, 2014, consultative examiner, Felix Rabito, observed that plaintiff had "no definite neurologic, motor, or reflex abnormalities," despite some decreased range of motion in his left shoulder, arm, and lower back. (Adm. Rec. at 526). Similarly, when plaintiff visited Mary Martin, M.D. on April 13, 2015 for chest pain, she observed "full range of motion," and "painless range of motion" in plaintiff's back, in addition to no neurologic issues. (*Id.* at 154, 681). Plaintiff's chest x-rays were also negative at this time. (*Id.* at 683). All of these diagnoses contradict plaintiff's claim of disability because of a bulging disk and heart problems, and the ALJ was entitled to rely on it.

In addition, the record's most recent diagnostic imaging of plaintiff's cervical spine

7

revealed "no significant spinal stenosis. No abnormal cord signal," despite moderate to severe left-sided foraminal stenosis. This indicated no compromising neurological conditions in plaintiff's cervical spine. (*Id.* at 785). The Court therefore finds that plaintiff has not met his burden of showing that he has an arm impairment in excess of the ALJ's limitations of sedentary work with no overhead reaching and only occasional postural activities. (*Id.* at 24-34). It is axiomatic that "[t]he claimant has the burden to prove that [he] is disabled within the meaning of the Social Security Act." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992).

At an examination on November 20, 2014, the JeffCare East Jefferson staff observed "no weakness of the hands." (Adm. Rec. at 598). Even after plaintiff overdosed on two Methadone tablets at a friend's house on February 14, 2015, he exhibited no motor deficits or neurological issues – and had full range of motion in his extremities – after examination in the emergency department. (*Id.* at 730-33). The regulations state that a claimant's statements about pain and other symptoms are not conclusive evidence of disability; they must be accompanied by medical signs and findings of a medical impairment that could reasonably be expected to produce the pain or other symptoms alleged and that would lead to the conclusion that an individual is disabled. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.928(a) ("Symptoms are your own description of your physical or mental impairment. Your statements alone are not enough to establish that there is a physical or mental impairment."). These diagnoses are contrary to plaintiff's claim of disability due to nerve damage in his left hand and arm.

As the ALJ noted, the record also reveals that plaintiff engaged in activities during the relevant time period that demonstrate his ability to do at least sedentary work: cleaning a storage unit, bench pressing weights, and performing construction work and washing cars on the

8

weekends. (Adm. Rec. at 33, 583-84 595, 750). The Fifth Circuit has held that "[i]t is appropriate for the Court to consider the claimant's daily activities when deciding the claimant's disability status." *Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995). And although plaintiff sought medical treatment for arm and neck pain after lifting weights and cleaning a storage unit (obtaining a sling and pain medication, respectively), such activities indicate that plaintiff engaged in more sedentary activity in his daily life, particularly when he exhibited no serious issues after examinations and diagnostic imaging was negative apart from mild degeneration in his left inferior medial glenohumeral joint. (Adm. Rec. at 595, 752, 765).

The level of plaintiff's activity also contradicts his hearing testimony before the ALJ, as plaintiff told the ALJ that he had not lifted weights since 2005. (*Id.* at 46). When the ALJ questioned him about his hospitalization for lifting weights in December of 2014, plaintiff testified that he was helping "moving the weight bar off of my son," although this was not what he reported to physicians in 2014 when he informed them that he had been working out and doing bench presses. (*Id.* at 750). Plaintiff also testified that he does not work at all, then stated that he only performs a few "odds and ends," such as helping someone install stereo equipment into a van, but he does not work "like on a consistent job." (*Id.* 48-49). This testimony contradicts plaintiff's November 2015 reports to medication management nurse Megan Dauenheuer that he slept well at night because he worked to exhaustion throughout the day and did construction work and washed cars through Bethel Colony's work program. (*Id.* at 583). Any "inconsistencies between [plaintiff's] testimony about his limitations and his daily activities [are] quite relevant in evaluating his credibility." *Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990).

Regarding plaintiff's complaints of mental disability due to anxiety, panic disorder, panic

9

disorder with agoraphobia, major depressive disorder, and post-traumatic stress disorder, on February 23, 2015, Girishkumar Shah, M.D., noted that plaintiff had no history of manic symptoms, treatment for manic behavior, obsessive thoughts, eating disorder, wandering behavior or developmental disorder. (*Id.* at 562). In contradiction to plaintiff's claims of being unable to focus, Shah observed that plaintiff has good recall, coherent thought processes, fair insight, intact judgment, and average intelligence. (*Id.* at 170, 171, 563). Similarly, throughout medication management visits in 2015, Dauenheuer regularly noted no psychiatric issues, including normal attention, intact insight, and coherent thought flow. (*Id.* at 581-87, 590-92, 594). Similarly, on June 3, 2015, therapist Elijah Askia noted no psychological issues and reported that plaintiff's "thought content revealed no impairment." (*Id.* at 589). There is thus substantial evidence that shows that plaintiff is no more limited than the ALJ found him to be: He retains the ability to perform simple routine repetitive tasks with no close coordination with coworkers or supervisors and no interaction with the public. (*Id.* at 24). "The ALJ found the medical evidence more persuasive than the claimant's own testimony. These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

At Step Five, relying on VE testimony from Ms. Salenger taken during the administrative hearing, the ALJ determined that, considering plaintiff's age, education, work experience, and RFC, there are jobs existing in significant numbers in the national economy that plaintiff can perform. (Adm. Rec. at 35-36). Salenger's testimony constitutes substantial evidence of work requirements in the national economy. *See Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000) ("The value of a vocational expert is that he [or she] is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed."). The

10

ALJ is thus entitled to rely on the VE's testimony, and the Court finds that here, the ALJ properly incorporated the VE's testimony in response to the hypothetical question corresponding to plaintiff's RFC. (*Id.* at 34-35; *see also* 63-65). Given that substantial evidence supports the ALJ's decision, his decision should be affirmed.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of March, 2018.

                                       **DANIEL E. KNOWLES, III**
                                       **UNITED STATES MAGISTRATE JUDGE**